[L. A. No. 11921. In Bank.—August 8, 1932.]

RONO CARL EPPLY, Respondent, v. LOS ANGELES CREAMERY COMPANY (a Corporation) et al., Appellants.

Chase, Barnes & Chase for Appellants.

Charles A. Thomasset for Respondent.

SHENK J.—This is an appeal from a judgment on a verdict for the plaintiff in the sum of $19,750, in an action for damages for personal injuries.

The plaintiff was, and so far as the record shows still is, an employee of the Los Angeles Gas and Electric Corporation. On May 7, 1928, he was standing, in the discharge of his duties to his employer, over an open manhole and behind a metal railing or guard within the intersection of Twelfth Street and Maple Avenue in the city of Los Angeles. A collision occurred between an automobile driven by the defendant Vanderlip and another automobile driven by one Anderson, an employee of the defendant Los Angeles Creamery Company. As a result of the collision the car driven by Anderson was thrown against the metal guard around the manhole, which guard in turn was thrown against the plaintiff who was thereby projected against the curb, and received the injuries sued upon. Verdict and judgment went against both Vanderlip and the Creamery Company.

It is not disputed that negligence was established as against the appealing defendants. In support of the appeal it is contended, (1) that the verdict was grossly excessive; (2) that testimony of an inciting and prejudicial nature was received over objections; (3) that certain instructions bearing upon the alleged contributory negligence of the plaintiff were improperly refused; (4) that the jury was misdirected on the subject of contributory negligence; and (5) misdirection of the jury on the question of damages.

After an examination of the record as to specifications 2, 3, 4 and 5 we have concluded that there is not sufficient substance in these contentions to require or justify a reversal or to merit further discussion thereof. The claim that the verdict is grossly excessive will receive more extended comment.

At the time of the accident the plaintiff was twenty-one years of age, and was receiving wages at the rate of $100 per month. As a result of the accident he was rendered semiconscious. He recalled seeing the manhole and realized that he was being placed in an ambulance after the accident.

He testified that he completely "passed out" on the way to the receiving hospital, but recalled the medical treatment he received on arriving there. The impact caused him to bleed at the right ear, nose and mouth. He was removed to the Santa Fe Hospital, where he remained for about four weeks. Thereafter he was off duty for about six weeks, and was discharged by his physician on July 20, 1928, when he returned to work. At the time of the trial, in July, 1929, he was still working and his wages had been increased to $120 per month. His monetary loss was $250 in wages and $304 in expenses.

The extent of the injuries to the plaintiff, while greatly in dispute as to certain of them, appear to have been abrasions and contusions of both legs and ankles and in the lumbar region, a concussion of the brain, and a "possible" basal fracture of the skull, although the X-rays failed to disclose such fracture and the presence of any head injuries was not physically demonstrable.

The plaintiff testified to a partial deafness in one ear, irritability, headaches, dizziness, loss of memory and thought disturbance. It may not be gainsaid that he received very serious and excruciatingly painful injuries, but without indulging further in details, we are persuaded from an examination of the evidence that the verdict is so out of proportion to the extent of the damage suffered as to suggest as a matter of law that the jury was influenced by considerations of passion and prejudice in fixing the amount. The absence of any contributory negligence on the part of the plaintiff, which the jury was entitled to and did impliedly find, and the wanton negligence of the defendant Vanderlip, undoubtedly caused the jury to feel outraged against said defendant and produced the result of a verdict which we find to be grossly excessive. Ten thousand dollars at the outside is the maximum which can, under all the circumstances, be permitted to stand.

It is ordered that in the event that the plaintiff, within thirty days from and after the filing of the opinion, file with the clerk of this court his written consent to a modification of the judgment in his favor by deduction therefrom of $9,750, leaving the same to stand for $10,000 and the costs of suit, said judgment shall be modified accordingly and as so modified stand affirmed; but in the event that said

consent be not so filed within said time, the judgment shall be reversed.

Seawell, J., Curtis, J., Langdon, J., Preston, J., Waste, C. J., and Tyler, J., *pro tem.*, concurred.